IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDY JACKSON-PRINGLE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 1:20-cv-01880- (JDB) |
| : | |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |
| : | |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to *Fed. R. Civ. P. 56* and the entire record of the case, the Defendant Washington Metropolitan Area Transit Authority (WMATA) hereby moves this Court for summary judgment. In support of this motion, the Defendant submits the attached Memorandum of Points and Authorities, Statement of Material Facts Not in Dispute, Exhibits, and proposed Order.

WMATA is entitled to summary judgement in its favor on Count I (Sex Discrimination) because Plaintiff failed to exhaust her administrative remedies by filing a Charge of Discrimination within 180-days as required by Title VII of the Civil Rights Act of 1964. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 116-17 (2002); *Oviedo v. WMATA,* 948 F.3d 386, 393 (D.C. 2020).

WMATA is entitled to summary judgment in its favor on Count II (Retaliation) because the allegations in her Charge of Discrimination alleging Retaliation filed on December 9, 2019 are untimely as she did not file said Charge of Discrimination within 180-days of the alleged incidents as required by Title VII of the Civil Rights Act of 1964. *Oviedo* at 393; *Washington v.*

*WMATA*, 160 F.3d 750, 752 (D.C. 1998).

Finally, WMATA is entitled to summary judgment in its favor on Count III (42 U.S.C. § 1981) because WMATA is not a "person" as defined by the statute. Besides, §1981 claims only apply to intentional race discrimination, not gender discrimination. *White v. WMATA*, 303 F.Supp.3d 5, 11 (D.D.C. 2018).

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468

## **CERTIFICATE OF SERVICE**

I certify that, on this 30th day of November 2021, a copy of the foregoing Defendant's Motion for Summary Judgment, supporting Memorandum of Law and Points and Authorities, Statement of Material Facts Not in Dispute, Affidavit, Exhibits and proposed Order was electronically transmitted to:

Charles Tucker
Tucker Moore Group, LLP
8181 Professional Place, Suite 117
Hyattsville, MD. 20785

                                                */s/ Michael K. Guss*
                                                Michael K. Guss

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDY JACKSON-PRINGLE,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:20-cv-01880- (JDB) |
| | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| | : |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## Statement of Facts

Plaintiff Judy Jackson-Pringle is a currently WMATA employee who filed an internal complaint against her former supervisor on June 17, 2017 alleging that he sexually harassed her by walking in on her on while she was using the woman's bathroom. See S.M.F. ¶¶ 1-2. The alleged incident occurred on June 4, 2017. S.M.F. ¶ 2.

WMATA investigated the above-mentioned incident and alerted Plaintiff to the results of the internal investigation in a letter dated December 18, 2017. S.M.F. ¶ 3. While the investigation did find that her former supervisor engaged in sexual harassment, Plaintiff did not file a charge of discrimination with the EEOC based on the events of June 4, 2017, nor did she file suit.

More than 2 years after the above-mentioned bathroom incident and the filing of her internal complaint, Plaintiff filed a Charge of Discrimination (#570-2020-00434) alleging retaliation that she believes was related to the filing of her internal complaint of discrimination against her former supervisor in June of 2017. In the particulars section of the charge, Plaintiff

alleged the following:

> I began my employment with the above reference (sic) employer in April 2012. I filed an internal charge of discrimination against respondent Assistant Superintendent in June 2017. I was being giving (sic) egregious work that Respondent knew it was impossible to complete. I was written up for egregious work. My shift was changed to accommodate younger males with less time in grade. I was denied a position that was offered to a younger male with less experience.
>
> Respondent did not give me any explanation why I was being treated differently.
>
> I believe I have been retaliated against because I filed a sexual harassment internal complaint against Respondent in violation of Title VII of the Civil Rights Act of 1964 as amended, with respect to harassment.

See [Dkt. 18-5] (Charge of Discrimination #570-2020-00434).

In the above-mentioned Charge, only the box for "Retaliation" is checked and June 28, 2018 is listed as the date the alleged retaliatory incident took place with the "Continuing Action" box not checked.

After an investigation by the EEOC, Plaintiff's counsel received an unsigned and undated 90-day right to sue letter on or about March 13, 2020. See [Dkt. 18-8]. The EEOC would later send a signed and dated letter to Plaintiff's counsel on April 8, 2020. [Dkt. 18-6]. On July 10, 2020, Plaintiff filed her Complaint.

## Argument

**WMATA Is Entitled to Summary Judgment in its Favor on Count I (Sex Discrimination) Because Plaintiff Failed to Exhaust Her Administrative Remedies and Count II (Retaliation) Because Plaintiff's Allegations Are Untimely**

WMATA is entitled to summary judgment in its favor on Count I (Sex Discrimination) and Count II (Retaliation) because she failed to file a charge of discrimination as required under Title VII within 180 days of the alleged discriminatory and/or retaliatory conduct in her

Complaint.

Title VII requires a complainant to file an administrative charge with the EEOC first and allow the agency time to act on the charge before filing a lawsuit within ninety days after receipt of a notice of a right to sue letter. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. 1995). A Title VII lawsuit is limited in scope to claims that are "'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id*. at 907 (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). At a minimum, Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination. *Id*. The administrative charge must set forth with specificity the theory behind the charge being made, which can be easily done considering that the EEOC's own charging document has boxes to check that specify the plaintiff's theory behind the discrimination charge. *Alfred v. Scribner Hall & Thompson, LLP*, 473 F.Supp.2d 6, 8 (D.D.C. 2007). If a charge of discrimination filed with the EEOC does not include a particular theory of discrimination, it is barred in a subsequent civil action. *Id*.

Title VII also requires that the administrative charge, in this case against WMATA, be filed within 180 days of the alleged discriminatory incident. *Oviedo v. WMATA*, 948 F.3d 386, 393 (D.C. Cir. 2020); *Washington v. WMATA*, 160 F.3d 750, 752 (D.C. Cir. 1998). The 180-day requirement essentially functions as a statute of limitations for Title VII actions. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

First, Count I of Plaintiff's Complaint alleging sex discrimination (sexual harassment) by her former supervisor from an incident where he walked in on her using the woman's restroom on June 4, 2017 must be dismissed because she failed to exhaust that allegation by filing an charge of discrimination with the EEOC within 180 days of the incident.

While Plaintiff did file one charge of discrimination with the EEOC on December 9, 2019 (Charge No. 570-2020-00434) that charge was filed more than two years after the alleged bathroom incident mentioned above, and said charge only alleges retaliation. [Dkt. 18-5]. The charge's only reference to the bathroom incident is a sentence stating that she filed an internal complaint with WMATA on June 17, 2017. Only the box for retaliation is checked, while the boxes for sex discrimination is blank. [Dkt. 18-5].

Therefore, because Plaintiff did not file a charge of discrimination alleging sex discrimination within 180-days of the alleged bathroom incident, which occurred on June 4, 2017, Count I of Plaintiff's Complaint must be dismissed because she failed to exhaust her administrative remedies on that count.

Second, for similar reasons, Count II of Plaintiff's Complaint alleging retaliation must be dismissed because Plaintiff failed to timely file her charge of discrimination with 180 days of the alleged retaliatory conduct, which she specifically identified as occurring on or around June 28, 2018.

In her charge filed December 9, 2019, Plaintiff attempts to link alleged retaliatory conduct that occurred in 2018, specifically June 28. 2018, with protected activity she engaged in way back in 2017 when she filed her internal complaint. Giving Plaintiff the benefit of the doubt about exactly when the alleged retaliatory activity referenced in the particulars section of her charge occurred, despite listing the date of the conduct as June 28, 2018, it is confirmed that all of the conduct referenced in the particulars section of her charge occurred during her time with Assistant Superintendent Stephanie Burton while at Northern Bus Garage in 2018. *See* (Compl. ¶¶ 22-39.) [Dkt. 1]; (October 18, 2018 Performance Expectations Memorandum.) [Dkt. 18-4]; (Jackson-Pringle Dep. 11:11-17 ("I was at Northern bus garage before . . . I came to Andrews when Andres

4

opened in . . . June'19); 41:6-22- 42:1-11; 49:12-22; 85:16-22; 87:1-10, June 28, 2021.) [Dkt. 18-7]. Nevertheless, Plaintiff waited over a year and 5 months to file her charge.

Therefore, Count II of Plaintiff's allegations alleging retaliation must be dismissed as untimely because the June 2018 retaliatory conduct pleaded in her charge occurred more than 180 days before she filed said charge

It should be noted that even if the Court were to find that Plaintiff's allegations of retaliation in her charge timely, there are still multiple reasons for dismissing Count II of her Complaint including: (1) any post-2018 allegations of retaliation are outside the scope of her charge of discrimination;[1] (2) Plaintiff's failure to file her lawsuit within the required 90 days after receiving her right-to-sue letter;[2] and, (3) despite the technical roadblocks to maintenance of her lawsuit, Plaintiff cannot even prove causation on the merits.[3]

---

[1] Plaintiff did testify in her deposition about conduct in 2019 and 2020 she believed was retaliatory because she filed an internal complaint of discrimination in 2017; however, even if the Court were to consider her post-2018 allegations, all of her post 2018 retaliation allegations should still be dismissed because they are outside the scope of her charge of discrimination, which specifically identifies retaliatory conduct that only occurred in 2018. *Park* at 907 (lawsuit is limited in scope to claims like or reasonably related to allegations in the charge of discrimination).

[2] Plaintiff also has a glaring 90-day right-to-sue letter problem since it is clear from Plaintiff's counsel's correspondence with the EEOC [Dkt. 18-8] (Plaintiff's counsel's March 13, 2020 email with the EEOC) that Plaintiff did receive a unsigned and undated right-to-sue letter as early as March 13, 2020, which was 117 days before she filed her Complaint and there is nothing in the statute indicating that a party must receive an signed and dated right-to-sue letter first before the 90-day clock starts to run for her to file suit. See *Deskins v, Barry*, 729 F. Supp. 1, 2 (D.D.C. 1989) (notice sent to a party's attorney, absent compelling circumstances, is imputed to the party.); see also *Crane v. National Cable Satellite Corp.*, 484 F. Supp.2d 100, 103-4 (D.D.C. 2007) (issuance of second right-to-sue letter by EEOC does not toll the limitations period where plaintiff has actual knowledge of the first letter, which contains all the vital information bearing on the existence of her claim).

[3] Plaintiff cannot prove causation considering the temporal period between her protected activity (the filing of her internal complaint against a former supervisor) and the alleged retaliation she believes started in 2018 is more than two years. Besides, Plaintiff testified in her deposition that she did not even know if her former supervisors (Stephanie Burton, LeTroy Baker, or Apryl Johnson) even knew about her internal complaint of discrimination in 2017. [Dkt. 18-7] (Jackson-Pringle Dep. 50:1-14, 97:1-8, June 28, 2021), *Clark Cnty. Sch. Dist. V. Breeden*, 532 U.S. 268, 273-74 (2001), *Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009) (while there is no bright-line three-month rule, a more than three month interval between the alleged protected activity and the cited retaliatory conduct is insufficient to support causation.). See also *Morris v. McCarthy*, 825 F.3d 658, 674 (D.C. Cir. 2016) (an employee cannot survive summary judgment if a jury can do no more than "speculate" that her supervisor(s) knew of her protected activity) (quoting *Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011)).

**WMATA Is Entitled to Summary Judgment in its Favor on Count III (Constitutional Violations Under 42 U.S.C. § 1981) Because WMATA Is Not A "Person" Within the Meaning of § 1981**

Plaintiff's allegations asserting claims under § 1981 must be dismissed not only because the statute in question only applies to race and not gender discrimination, more importantly, Count III must be dismissed because WMATA, as an arm of the state, does not qualify as a "person" under either § 1983 or § 1981; therefore, WMATA is immune from suit under either statute. *White v. WMATA*, 303 F. Supp. 3d 5, 11 (D.D.C. 2018).

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY


*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUDY JACKSON-PRINGLE,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:20-cv-01880- (JDB) |
| | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| | : |

## ORDER

UPON CONSIDERATION of Defendant WMATA's Motion for Summary Judgment, and the entire record of the case, it is this _____ day of _____, 2022; ORDERED, that the motion is GRANTED, and the case is dismissed with prejudice for the reasons stated in the Defendant's motion and supporting memoranda of points and authorities. This is a Final Order

_____
Judge John D. Bates

Copies to:

Michael K. Guss
Senior Counsel
WMATA-COUN
600 Fifth Street, NW
Washington, D.C. 20001

Charles Tucker
Tucker Moore Group, LLP
8181 Professional Place, Suite 117
Hyattsville, MD. 20785

7