IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDY JACKSON-PRINGLE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:20-cv-01880- (JDB) |
| | : |
| | : |
| WASHINGTON METROPOLITAN | : |
| AREA TRANSIT AUTHORITY | : |
| | : |
| Defendant. | : |
| | : |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

Defendant WMATA hereby files its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and contends the following:

**Plaintiff's Allegations of Retaliatory Incidents Between June 12, 2019 and December 9, 2019 are Outside the Scope of Her Charge of Discrimination**

In her Opposition, Plaintiff now argues that her allegations of retaliation between June 12 and December 9, 2019 are timely. Logically, Plaintiff is conceding that any allegations of retaliation that she alleges before June 12, 2019 are untimely. While WMATA appreciates the distinction, Plaintiff still faces hurdles to maintenance of her lawsuit, namely her discrete allegations of retaliation and discrimination between June 12, 2019 and December 9, 2019 are outside the scope of her 2019 charge.

Plaintiff's 2019 Charge of Discrimination (Dkt. 18-5) specifically links her protected activity in 2017 to her allegations of retaliation. In her charge, only the retaliation box is

checked. In the "Date(s) Discrimination Took Place" section, Plaintiff specifically states that the alleged retaliatory conduct occurred on June 28, 2018 and she did not check the box for "Continuing Action." The box for discrimination is not checked. In the particulars section, Plaintiff does state that she was given "egregious work", had her shift changed to "accommodate younger males with less time in grade", and was "denied a position offered to a younger male with less experience", but it is clear Plaintiff is given those instances as examples of the retaliation she clearly believes was because of her protected activity in 2017.

Plaintiff argues that her allegations of retaliatory, and what she now alleges as discriminatory conduct, that occurred between June 12 and December 9, 2019 should be allowed to proceed because they are "like or reasonably related" to her overall allegations of retaliation in her 2019 Charge. However, Plaintiff's post June 12, 2019 allegations, which she argues includes incidences where she believed she was given "egregious work" or treated differently than "younger males" are clearly discrete allegations of discrimination and/or retaliation not pleaded in her 2019 Charge, considering that she left the sex and age discrimination boxes blank.

Additionally, it cannot be said that her post June 2019 allegations were "reasonably related" when Plaintiff specifically stated in her charge that her protected activity occurred in 2017 with the filing of her internal complaint of sexual harassment against her former supervisor.

**There Is No Causation Between Plaintiff's Protected Activity in 2017 and Her Allegations of Retaliatory Conduct Post June 12, 2019.**

Plaintiff's concession that any allegations of retaliation that occurred before June 12, 2019 is untimely does her no favors when it comes to maintaining her lawsuit because the temporal period between her protected activity (Plaintiff's filing of her 2017 internal complaint of sexual harassment against her former supervisor) and her allegations of retaliation are more

than two years. Additionally, Plaintiff cannot show that any of her former supervisors in 2019 even knew about her previous protected activity.

To prove retaliation under Title VII, a plaintiff must show that (1) she engaged in protected activity; (2) the employer took adverse action; and (3) a causal relationship between the two. *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012). To survive summary judgment, Plaintiff must show that her supervisors knew of her prior protected activity. See *Morris v. McCarthy*, 825 F.3d 658, 674 (D.C. Cir. 2016) (an employee cannot survive summary judgment if a jury can do no more than speculate that her supervisors knew of her protected activity) (quoting *Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011)).

In this case, Plaintiff admits that she does not know if her former supervisors, who she accuses of engaging in retaliation, even knew about her protected activity in 2017. For example:

> Q Okay. Do you know if Stephanie Burton knew about your complaint of discrimination against Bobby Gilchrist?
> A There are no secrets, I guess. There are no secrets. I hear things about people who file things. Everybody hears things about people, so I don't know. I can't possibly think for her. All I know is that it happened. So I don't know.
>
> Q Okay. What about Apryl Johnson? Do you know if Apryl Johnson knew about your internal complaint against Mr. Gilchrist in 2017?
> A I don't know. I don't know.
>
> Q Okay.
> A. I don't know what people know.
>
> (Jackson-Pringle Dep. 50:1-14, June 28, 2021.) (Dkt. 18-7).

Further, I asked about another supervisor of hers, Mr. Letroy Baker. Her response:

> Q Okay. What about Letroy Baker? Do you know if he knew about your charge?
> A I have no knowledge. I have no knowledge of what anyone knows.
>
> (Jackson-Pringle 97:5-8.) (Dkt. 18-7).

So even if the Court was inclined to accept Plaintiff's argument that her allegations of retaliation post June 12, 2019 were timely, her claim of retaliation still fails because she cannot show that any of her supervisors during this period had any knowledge of her prior protected activity in 2017.

Furthermore, the temporal period between her protected activity (the 2017 filing of her internal complaint of discrimination) and her allegations of retaliation post June 12, 2019 is too great to impute causation. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001), *Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009) (while there is no bright-line three-month rule, a more than three-month interval between the alleged protected activity and the cited retaliatory conduct is insufficient to support causation.)

**Plaintiff's Entire Complaint Should Be Dismissed Because It Was Filed After The 90-Day Period.**

Criticism of undersigned counsel's use of footnotes notwithstanding[1], Plaintiff's Complaint should be dismissed because it was filed 117 days after she received the first 90-day right-to-sue letter from the EEOC and the fact that the first letter was unsigned does not justify equitable tolling of the 90-day period.

A claimant must file a civil action under Title VII "within ninety days after the giving of [an EEOC dismissal] notice." 42 U.S.C. § 2000e-5(f)(1); *Hammel v. Marsh USA, Inc.*, 79 F.Supp.3d 234, 242 (D.D.C. 2015); *Mack v. WP Company*, LLC, 923 F.Supp.2d 294, 298 (D.D.C. 2013). The 90-day clock starts the day after the claimant receives the right-to-sue letter from the EEOC and it is presumed that the right-to-sue letter was mailed on the same date of

---

[1] WMATA's use of footnotes in the Motion for Summary Judgment [Dkt. 18] was used to illustrate that there were multiple blocked roads to the continuance of Plaintiff's suit with the 90-day issue being one of them.

issuance. *Hammel* at 242. If the date of receipt is unknown, it is presumed that the letter was received three or five days after it was mailed. *Id*. (citing *Baldwin County Welcome Ctr. V. Brown*, 466 U.S. 147, 148 n.1 (1984)).

While equitable tolling is available, it has only been applied sparingly; for example, when non-compliance with the statute of limitations was because of defective pleadings, when a claimant is tricked by an adversary, or when the EEOC's notice of the statutory period was clearly inadequate. *Irwin v. Veterans Admin*., 498 U.S. 89 (1990); see also *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam).

A right-to-sue letter from the EEOC requires the following:

> (e) Content of notice of right to sue. The notice of right to sue shall include:
>
> (1) Authorization to the aggrieved person to bring a civil action under title VII, …
>
> (2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate:
>
> (3) The charge;
>
> (4) The Commission's decision, determination, or dismissal, as appropriate.

29 C.F.R. §1601.28 (e) (2020).

Nowhere does the statute require that the 90-day right-to-sue letter be signed. *Love v. Harsh Inv. Corp*., No. 92-35394, 983 F.2d 1076 (Table); 1993 WL 4811, at *1 (9th Cir. Jan. 12, 1993). The ruling in *Crane v. National Cable Satellite Corp.,* 484 F. Supp.2d 100 (D.D.C. 2007) wherein the Court denied Plaintiff's request to equitably toll the 90-day period because the first letter contained "all of the vital information bearing on the existence of her claim." *Id*. at 104 (quoting *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998)).

Plaintiff's counsel's email correspondence with the EEOC [Dkt. 18-8] makes clear that Plaintiff received the first right-to-sue letter as early as March 13, 2020 and that the only issue with the letter was that it was unsigned and undated. Clearly, Plaintiff should have filed this case within 90 days of March 13, 2020; however, rather than diligently exercising her rights, she waited for the EEOC to send a second letter that contained the same information as the first, but for the fact that the second letter was now signed and dated. The first right-to-sue letter had all the vital information required under the statute; therefore, equitable tolling is unavailable to the Plaintiff and her entire claim under Title VII must be dismissed.

**Count III of Plaintiff's Complaint Alleging Hostile Work Environment is Untimely**

Because Plaintiff's Complaint is unartfully written, WMATA argued in its motion, and continues to assert in this reply, that Plaintiff's allegations of sexual harassment, regardless of whether it was under Count I or Count III, should be dismissed as untimely.

In her opposition, Plaintiff confirms she is seeking relief under Title VII for the incident where her former supervisor walked in on her using the woman's bathroom on June 4, 2017. In her Complaint, she plead hostile work environment under 42 U.S.C. § 1981 [Dkt. 1]. In her opposition, Plaintiff expresses permission to amend her complaint to assert that she is seeking relief for a hostile work environment claim based on the bathroom incident now under Title VII. Regardless, her claim is untimely because she failed to exhaust her hostile work environment claim within 180 days of the incident with her former supervisor on June 4, 2017.

While Plaintiff did file a charge of discrimination with the EEOC on December 9, 2019, that charge was filed more than two years after the alleged bathroom incident mentioned above and the charge itself only alleges retaliation. [Dkt. 18-5]. If Plaintiff wanted to pursue a claim based on the incident with Gilchrist in the bathroom, she should have filed a charge of

discrimination by December 2017. Instead, Plaintiff sat on her rights until they expired, and no amendment of the pleadings can revive them.

Wherefore, for the reasons in its Motion for Summary Judgment and this Reply, WMATA respectfully request judgment in its favor.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY


*/s/ Michael K. Guss*
Michael K. Guss #465171
Senior Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468

**CERTIFICATE OF SERVICE**

I certify that, on this 2nd day of February 2022, a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment was electronically transmitted to:

Charles Tucker
Tucker Moore Group, LLP
8181 Professional Place, Suite 117
Hyattsville, MD. 20785

/s/ *Michael K. Guss*
Michael K. Guss